## Commonwealth v. Bostek et al.

*Trespass on posted property—Penalty—Act of April 14, 1905.*

1. The penalty for trespassing on land posted as private property is regulated by the Act of April 14, 1905, P. L. 169, and imprisonment in default of payment of fine is fixed at "one day for each dollar of fine," and the court has no jurisdiction to impose a longer term of imprisonment.

2. The act, being penal in character, must be construed strictly.

*Certiorari* to justice's court in proceeding to recover penalty for trespass on posted land. C. P. Lackawanna Co., Jan. T., 1926, No. 67.

*J. F. Tedesco,* for plaintiff; *Kelly & Kennedy,* for defendants.

WATSON, J.—This suit was brought before a justice of the peace to recover penalty for trespass on land posted as private property. The offence is defined by the Act of April 14, 1905, P. L. 169.

Of the exceptions filed, we shall consider only one. The record of the justice has the following entry:

"And now, Nov. 9, 1925, after hearing, and I do adjudge that the said defendants shall forfeit and pay a fine of five dollars ($5.00) each of them and eight dollars and fifty cents ($8.50) costs, or ten days in the county jail. To be collected and distributed as directed according to above act of assembly and its supplements.

"In default of fine and costs, within named defendants were committed to county jail."

The act of assembly provides that: "Every person violating the provisions of this act shall be liable to a penalty of not exceeding ten dollars, together with the costs of prosecution, to be recovered before any magistrate or justice of the peace as fines and penalties are by law recoverable; and in default of payment of said fine and costs, the party convicted shall be committed to the county jail of the proper county for one day for each dollar of fine imposed."

The statute, being penal in character, must be construed strictly. But strict construction is not necessary in the face of the plain language of the act. The imprisonment in default of payment is "for one day for each dollar of fine."

This error on the part of the justice vitiates the proceedings: Tewsbury v. Miller, 9 Lacka. Jurist, 262.

Now, Aug. 3, 1926, the proceedings before the justice are reversed.
From William A. Wilcox, Scranton, Pa.